UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

NANCY HUGHSON,

    Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, NANCY HUGHSON, is a citizen of Michigan.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line (hereinafter "DISNEY") is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Middle District of Florida, as required by the

Lipcon, Margulies & Winkleman, P.A.

forum selection clause contained within the Cruise Ticket Contract issued by Defendant, DISNEY.

4. At all times material hereto, Defendants, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

   f. Issued a cruise line ticket to the Plaintiff that requires that suit be brought in this Court against the named Defendant in this action.

5. Defendants are subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Disney Wonder*.

8. On or about March 1, 2024, the Plaintiff was a fare-paying passenger on the *Disney Wonder*, which at all times material operated in navigable waters.

9. On or about March 1, 2024, the Plaintiff was on Deck 4's exterior deck

aboard the *Disney Wonder,* and walked towards the indoor area, which was separated by a heavy automatic sliding glass door. Passengers, including the Plaintiff, had to pass through the heavy automatic sliding glass door to gain entry to Animator's Palate.

10. As the Plaintiff attempted to pass through the heavy automatic sliding glass door, the subject door suddenly and unexpectedly closed with substantial force and struck Plaintiff, causing her to fall and hit the ground violently.

11. As a result of the negligence of Defendant, its vessel and/or crew, Plaintiff sustained serious, permanent and debilitating injuries to her shoulders and back.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

13. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

14. On or about March 1, 2024, the Plaintiff was on an exterior deck aboard Defendant's vessel and was proceeding into the interior heading towards Animator's Palate; which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

15. On or about March 1, 2024, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to warn the Plaintiff that the subject door would forcefully close shut without warning;

    b. Failure to adequately warn passengers and the Plaintiff of the dangers and/or difficulties involved in using automatic glass doors, including the subject door;

    c. Failure to warn the Plaintiff of the dangers associated with the subject door;

    d. Failure to warn passengers that Defendant fails to comply with industry standards in the operation of the subject door including but not limited to ANSI A 156.10;

    e. Failure to warn passengers that Defendant lacks policies and procedures to have the subject door inspected, calibrated and/or maintained by qualified and properly trained personnel, including but not limited to professional outside service provider; and/or

    f. Failure to warn passengers and the Plaintiff of other accidents previously occurring with the same or substantially similar automatic glass doors.

16. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

17. At all times material hereto, the subject automatic glass doors was unreasonably dangerous.

18. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or

the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the automatic doors and/or through prior incidents involving passengers injured due to the malfunctioning automatic doors on Defendant's vessels and/or other vessels reported within the cruise industry.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

20. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

21. At all times material hereto, it was the duty of Defendant to maintain automatic glass passenger doors in a reasonably safe condition.

22. On or about March 1, 2024, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to reasonably maintain the subject door in a reasonably safe and/or proper working condition;

   b. Failure to properly inspect and calibrate the subject door;

   c. Failure to reasonably maintain the sensors to ensure they were in proper working condition;

   d. Failure to ensure safety sensors were not blocked and/or covered in their designated areas;

   e. Failure to promulgate and/or enforce adequate policies and procedures regarding inspecting, monitoring and/or maintaining the door and/or safety devices appurtenant to the automatic glass door in a reasonably safe condition;

   f. Failure to test the speed of the door closing to determine whether the door was reasonably safe;

   g. Failure to comply with industry standards (ANSI A 156.10) and manufacturing standards for the inspection, calibration and maintenance of the subject door; and/or

   h. Failure to have qualified and properly trained personnel, including but not limited to professional outside service provider inspect, calibrate and/or maintained the subject door.

23. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

24. At all times material hereto, the subject area was unreasonably dangerous.

25. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the automatic doors and/or through prior incidents involving passengers injured due to the malfunctioning automatic doors on Defendant's vessels and/or other vessels reported within the cruise industry.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with advisory jury.

## COUNT III – GENERAL NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

27. At all times material it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

28. On or about March 1, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

29. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

a. Failure to use reasonably safe automatic glass doors;

b. Failure to provide the Plaintiff and other passengers a reasonably safe automatic glass door that would not forcefully close shut on passengers;

c. Failure to affix safety devices to the automatic glass door to ensure it does not forcefully shut on passengers;

d. Failure to ensure safety sensors were not blocked and/or covered in their designated areas;

e. Failure to reasonably and/or periodically inspect the automatic glass door and/or safety devices appurtenant to the automatic glass door;

f. Failure to provide instruction to passengers, including the Plaintiff, on how to prevent the automatic glass door from forcefully closing shut;

g. Failure to analyze prior incidents involving personal injuries aboard Defendant's vessels as a result of automatic glass doors forcefully closing shut so as to remedy and/or rectify the issues causing such incidents;

h. Failure to remedy and/or safeguard against the hazards that the subject door posed to passengers, including the Plaintiff;

i. Failure to ascertain whether the door met applicable standards industry

     and manufacture standards; and/or

  j. Failure to discover, close off and/or prevent passengers from accessing dangerous doors.

30. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

31. At all times material hereto, Defendant had exclusive custody and control of the above named vessel, including the door.

32. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the automatic doors and/or through prior incidents involving passengers injured due to the malfunctioning automatic doors on Defendant's vessels and/or other vessels reported within the cruise industry.

33. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care

and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

                              Respectfully submitted,

                              LIPCON, MARGULIES
                              & WINKLEMAN, P.A.
                              *Attorneys for Plaintiff*
                              2800 Ponce de Leon Blvd. Suite 1480
                              Coral Gables, Florida 33134
                              Telephone No.: (305) 373-3016
                              Facsimile No.: (305) 373-6204

                    By: */s/ Stefanie A. Black*
                              **STEFANIE A. BLACK**
                              Florida Bar No. 111903
                              sblack@lipcon.com